IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN S. WESOLEK, DEBORAH J.           §
WESOLEK, JOEL T. JOHNSON,             §
RANDY LINSTEDT, DOUGLAS A.            §
CARSON, DR. ENRIQUE REYES-B,          §
MARIA GEORGINA REYES, LEVI            §
LINDEMANN, STEPHANIE LINDEMANN,       §
MICHAEL P. WAGNER, DANIEL             §
MILLER, KRISTINA MILLER,              §
ROEL TREVINO, TIM PETERSON,           §
JANICE LAU, MIKE TASZAREK,            §
E. BRENT LUNDGREN, GLORIA             §
GACKLE, PETE HILL, KELCEY HILL,       §
KEN ULLMANN, DALE SCHNEIDER,          §
DEBORAH SCHNEIDER, JOHN               §
MCINTOSH, MARGARET MCINTOSH,          §
MERYL A. WILLERT, JR., JULIE          §
WILLERT, TYLER ROEHL, PAMELA G.       §
KLOOS, JEFFERY T. KLOOS, JUDY         §
KVAALE, CLIFF LARSON, JUDY            §
DVORAZK, MONA THORSTAD, ARLYN         §
LAND, STEVE JOHNSON, LORI             §
JOHNSON, JANET SKINNER, and           §
GEORGE SLIGHT,  JERRY TALBERT,        §
JASON GION, VICKIE GION, MARY         §
OHLHAUSER, RANDY OHLHAUSER,           §
TIM HOLLAND, RICK ERICKSON,           §      CIVIL ACTION NO. H-12-3210
PAUL QUINNILD, CAROL QUINNILD,        §
MARK FOLAND, KAREN FOLAND,            §
DEVIN LUBINUS, BRENT LARSON,          §
SANDRA UELAND, JOE HENJUM,            §
GARY HEARNEN, DON HEARDEN,            §
RANAIE BALL, BRIAN TJERLUND,          §
MIKE TASZARCK, RON BIUR, DAVE         §
PAULSON, BRUSE KUSLER, MIKE           §
HOLMGREN, and GUSTAV KOPRIVA,         §
Individually and Derivatively,        §
on Behalf of LAYTON ENERGY            §
WHARTON FUND, LP and LAYTON           §
ENERGY FUND 2, LP,                    §
                                      §
            Plaintiffs,               §
                                      §
v.                                    §
                                      §
DANIEL LAYTON, J. CLARK LEGLER,       §
LAYTON ENERGY TEXAS, LLC,             §
LAYTON CORPORATION, LAYTON            §
ENERGY WHARTON FUND, LP, and          §
LAYTON ENERGY FUND 2, LP,             §
                                      §
            Defendants.               §

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action individually and derivatively on behalf of (1) Layton Energy Wharton, LP or the (2) Layton Energy Fund 2, LP.  The defendants named in this action are Daniel Layton, J. Clark Legler, Layton Energy Texas, LLC, Layton Corporation, Layton Energy Wharton Fund, LP, and Layton Energy Fund 2, LP. Plaintiffs' Original Petition and Requests for Production, filed in the 189th Judicial District Court of Harris County, Texas, on August 30, 2012, asserts claims for violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.003(a), and the Texas Securities Act, Tex. Rev. Civ. Stat. Art. 581-33, and common law claims for fraud, conversion, money had and received, breach of fiduciary duty, and negligence.[1]  Pending before the court is Defendants' Motion to Dismiss Plaintiffs' Original Petition (Docket Entry No. 2).  Also pending is plaintiffs' request for leave to replead.[2]  For the reasons stated below, the motion to dismiss will be granted, plaintiffs' request for leave to replead will be denied, and all of plaintiffs' claims will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

---

[1]Plaintiffs' Original Petition and Requests for Production ("Original Petition"), Exhibit B to Notice of Removal, Docket Entry No. 1-3.

[2]Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Original Petition ("Plaintiffs' Response"), Docket Entry No. 7, p. 4.

## I.  **Factual and Procedural Background**

### A.  **Factual Background**

Plaintiffs allege that beginning in 2007 they purchased units of one or both of two Texas limited partnerships:  Layton Energy Wharton, LP and Layton Energy Fund 2, LP ("the Funds").  The Funds were run by Daniel Layton ("Layton") and J. Clark Legler through Layton Energy Texas, LLC ("Layton Energy"), and plaintiffs allege that the units meet the definition of "security" under Tex. Rev. Civ. Stat. Art. 581-4A.  Plaintiffs allege that

> [t]he Funds were organized to "(a) acquire full or partial working interests in selected oil and gas leases on which to drill new wells and/or re-enter and re-work existing wells for the production of oil and/or gas in commercial quantities, (b) acquire full or partial working interests in selected oil and gas leases to hold and/or develop the leases for resale, (c) acquire royalty interests in producing oil and gas properties and (d) acquire full or partial working interests in producing wells and leases which may have proven undeveloped sites available for future drilling . . ."[3]

Plaintiffs allege that to entice potential investors to invest

> Layton personally represented to the investors that they would get their initial investment back within one year and make three to five times their investment within three to five years.  Layton continued to represent to investors after they purchased their limited partnership units, and up until about late 2009, that they would get their initial investment back within one year and make three to five times their investment within three to five years.  At the time these statements were made to investors after they purchased their limited partnership units up until late 2009, Layton knew these statements to be untrue, or in light of the circumstances in which they were made, misleading.  Likewise, Legler aided Layton in

---

[3]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-3, p. 11 ¶ 72.

the operation of Layton [E]nergy, LLC and the two Limited
Partnerships.  As such, Legler either knew of the falsity
of the statements made or was in reckless disregard for
the truth of the statements made.[4]

Plaintiffs allege that the Layton Energy Wharton Fund, LP
raised $10,000,000, and currently has the following eight wells for
which it incurred the following acquisition costs:  (1) Miller B2
Chambers County Well, $932,861; (2) HK1 Well, $2,911,544; (3) HK2
Well, $840,622; (4) Casey Heirs 1 Well, $1,067,988; (5) Saenz Well,
$325,119;  (6)  B1  Well,  $495,128;  (7)  LW1  Well,  $374,428;  and
(8) Stovall County Well, $293,250.  Plaintiffs also allege that the
fund spent $171,062 acquiring 3D Seismic data.[5]  Regarding these
wells, plaintiffs allege that defendants "had the [Miller] B2 Well
'worked over'[; i]n the process of the 'work over', defendants
allowed an 'affiliated partner' to fund the money for the work over
with the fund owing this affiliated partner of the Defendants
$1,200,000."[6] -- "Defendants refused to produce the HK1 Well due to
a dispute between Layton and the operator of the well.  Defendants
found a new operator for the HK1 Well at a cost of 50% of the
working interest in that well.  This was done without the knowledge
or consent of the Wharton Fund investors."[7] -- "Defendants allowed
the HK2 Well lease to expire due to non-production, thereby losing

---

[4]Id. at 11-12 ¶ 72.

[5]Id. at 12 ¶ 73.

[6]Id. ¶ 75

[7]Id. ¶ 76.

-4-

the well for the Wharton Fund and its investors, as a result of personality differences between Layton and the well's operator."[8] "[T]he Saenz well was drilled for one of Layton's 'drinking buddies.' . . It is believed the Wharton Fund monies that were used to 'drill the Saenz well' were in actuality taken by Defendants for other non-Wharton Fund purposes. . . [T]he question remains: Where is the well?"[9] "Defendants did not drill either the LW1 well or the Stovall well, although the Wharton Fund was charged for the drilling of these wells. It is believed that the Wharton Fund monies 'used' to drill these wells were in actuality used by Defendants for other non-Wharton Fund purposes."[10]

Plaintiffs allege that the Layton Energy Fund 2 raised about $3,500,000, and that $375,000 of that money was used to acquire the following three wells: Well 205-1, Well 205-3, Well 206-1.[11] Plaintiffs allege that "[t]he remaining $2,974,625 of the Layton Energy Fund 2 monies is unaccounted for and, on information and belief, has been absconded by Defendants for non-Layton Energy Fund 2 purposes."[12]

Plaintiffs allege on information and belief that "Layton and Legler took monies from the Wharton Fund and the Layton Energy

---

[8] Id. at 13 ¶ 77.

[9] Id. ¶ 79.

[10] Id. ¶ 80.

[11] Id. ¶ 81.

[12] Id. at 13-14 ¶ 81.

Fund 2 to put in other projects Layton and Legler were running through Layton Corporation."[13] "Defendants used the Funds wells as collateral and allowed liens to be placed on the wells. . . [and that] the general counsel of Layton Energy . . . is now giving the investors wells away or letting the leases expire with no concern towards the investors."[14]  Plaintiffs allege that

> [o]n numerous occasions, Layton personally met with investors promising that investors would see a return of their principle within one year from the date of the funds' inception with a 300 to 500 percent return on their investment within three to five years.  Layton specifically made these promises to plaintiffs and investors Levi Lindemann, Nahum Daniels and Al Vanderlaan, among others.  Initially, Layton would respond to investors' inquiries regarding the status of the funds and provide periodic letters to the investors regarding their funds.  Beginning in the summer of 2010, Layton discontinued responding to investors' inquiries. Indeed, when Plaintiff Raoul Trevino went to Layton's offices in Houston to inquire about his investment, Layton refused to see him.  This refusal is common place with Layton.  To date, Layton Energy, LLC has refused to produce the books and records of the two limited partnerships after numerous Plaintiffs specifically demanded their production pursuant to respective subscription agreement. Prior to discontinuing respond-ing to investors' requests for information, Layton told Levi Lindemann in the summer of 2010 that the funds owed Layton money.  Additionally, Layton personally told plaintiffs and investors Levi Lindemann, Nahum Daniels and Al Vanderlaan (who are also representatives of the primary broker/dealer), in the Summer of 2010, among others, that he was working on a fracking company deal that was soon to go public (Platinum Energy Solutions, Inc.) and that shares of this company would be placed into the funds to make the investors whole.[15]

---

[13]Id. at 14 ¶ 82.

[14]Id. ¶ 83.

[15]Id. at 14-15 ¶ 84.

-6-

Plaintiffs allege that

> [s]ince the existence of the Funds, Layton has allowed
> lease interests to expire, failed to pay vendors and
> service providers for work done on the leases, failed to
> abide by state and federal regulations, failed to acquire
> properties as represented and engaged in self-dealing to
> the detriment of the Fund.  This despite repeated
> representations to the investors and Broker-Dealers that
> properties were being acquired and wells drilled for the
> Funds with the investor's monies.[16]

Plaintiffs allege that

> [s]ince inception and throughout the existence of the
> Funds, Layton has acted in a fashion that disregards the
> corporate entities and structure of Layton Energy, LLC,
> Layton Corporation, Layton Energy Wharton, LP and Layton
> Energy Fund 2, LP.[17]

Plaintiffs seek recision of the sale of their limited
partnership units, exemplary damages in an amount not less than
$50,000,000.00, pre- and post-judgment interest, attorney's fees
and costs of court.[18]

**B.    Procedural Background**

On August 30, 2012, plaintiffs acting individually and
derivatively on behalf of Layton Energy Wharton, LP, or the Layton
Energy Fund 2, LP, filed Plaintiffs' Original Petition and Requests
for Production in the 189th Judicial District Court of
Harris County, Texas, against defendants Daniel Layton, J. Clark
Legler, Layton Energy Texas, LLC, Layton Corporation, Layton Energy

---

[16]Id. at 15-16 ¶ 87.

[17]Id. at 16 ¶ 90.

[18]Original Petition, Exhibit B to Notice of Removal, Docket
Entry No. 1-3, p. 20.

Wharton Fund, LP, and Layton Energy Fund 2, LP.   The Plaintiffs'
Original Petition asserts claims for common law fraud, conversion,
violation of the Texas Theft Liability Act, money had and received,
violations of the Texas Securities Act, breach of fiduciary duty,
and negligence.[19]   Plaintiffs' prayer for relief seeks

> rescission of the sale of their limited partnership
> units, recovery of all sums invested in Wharton Energy
> Fund and Layton Energy Fund 2 on behalf of themselves and
> the members of the classes.   Specifically, Plaintiffs
> seek recovery of $13,500,000 plus pre-judgment, post-
> judgment interest, costs of court, punitive damages and
> attorney's fees.[20]

On October 29, 2012, defendants filed a Notice of Removal
(Docket Entry No. 1) asserting that "[t]his action is removable
under the provisions of the Class Action Fairness Act (CAFA), 28
U.S.C. § 1332(d), and 28 U.S.C. § 1453(b),"[21] and that "[a]ll
elements for removal of the instant action under CAFA are met."[22]
On the same day defendants filed Defendants' Motion to Dismiss
Plaintiffs' Original Petition (Docket Entry No. 2) pursuant to
Federal Rules of Civil Procedure 9(b) for failure to plead fraud
with particularity and 12(b)(6) for failure to state a claim for
which relief may be granted.   Also on October 29, 2012, defendants
filed Defendants' Original Answer (Docket Entry No. 3).   On

---

[19]Original Petition, Exhibit B to Notice of Removal, Docket
Entry No. 1-3.

[20]Id. at 19 ¶ 127.

[21]Notice of Removal, Docket Entry No. 1, p. 3 ¶ V.5.

[22]Id. ¶ V.7.

November 19, 2012, plaintiffs filed a response to the defendants'
motion to dismiss in which they "concede[d] they do not have direct
claims against Defendants and that all claims are derivative in
nature on behalf of Layton Wharton Energy, LP and Layton Energy II,
LP."[23] Plaintiffs assert that "[b]ecause Defendants do not complain
about facts and representations as pled that occurred *after*
Plaintiffs became limited partners, Defendants motion to dismiss
under 12(b)(6) and 9(b) should be denied."[24] At the end of their
response to defendants' motion to dismiss, plaintiffs also seek
leave to replead.[25] On December 18, 2012, Plaintiffs' Amended Class
Action and Derivative Complaint (Docket Entry No. 16) was filed.

## II.  Standard of Review

Asserting that the claims for common law fraud conversion,
violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem.
Code § 134.003(a), and the Texas Securities Act, Tex. Rev. Civ.
Stat. Art. 581-33, money had and received, breach of fiduciary
duty, and negligence that the plaintiffs assert against the
defendants directly are barred by the doctrine of res judicata, and
that the same claims that the plaintiffs assert against the
defendants derivatively on behalf of the Layton Energy Wharton Fund
LP, or the Layton Energy Fund 2, LP fail to satisfy the pleading

---

[23]Plaintiffs' Response, Docket Entry No. 7, p. 3 ¶ 4.

[24]Id. at 3-4 ¶ 7.

[25]Id. at 4.

requirements of state and/or federal law, defendants seek to argue that this action is subject to dismissal for failure to state a claim for which relief may be granted.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is a proper means to raise a statute of limitations defense where the defense is apparent on the face of the complaint. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom Cloud v. United States</u>, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. <u>Id.</u>

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

<u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002) (quoting <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974)).

To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are

-10-

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).  Moreover, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Rios v. City of Del Rio, Texas, 444 F.3d 417, 421 (5th Cir.), cert. denied, 127 S. Ct. 181 (2006).

When considering a motion to dismiss, courts are generally able to look only to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).  However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### III.  Analysis

Defendants seek dismissal of all the claims alleged in this action on grounds that the plaintiffs have failed to state either a direct or a derivative claim for which relief may be granted.

### A.  Plaintiffs' Direct Claims Are Barred by Res Judicata

Asserting that the direct claims alleged against them in this action were either alleged or could have been alleged in a previous

-11-

action dismissed earlier this year, <u>Wesolek, et al. v. Layton, et al. (Wesolek I)</u>, ___ F.Supp.2d ___, Civil Action No. 12-0063, 2012 WL 1835697 (S.D. Tex. May 18, 2012), defendants argue that the plaintiffs' direct claims are barred by the doctrine of <u>res judicata</u>. Although plaintiffs have conceded that "they do not have direct claims against Defendants and that all claims are derivative in nature on behalf of Layton Wharton Energy, LP and Layton Energy II, LP,"[26] plaintiffs have not responded to defendants' argument that their direct claims are barred by <u>res judicata</u>.

> Local Rule 7.4 provides:
>
> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A.    Must be filed by the submission day;
>
> B.    Must be written;
>
> C.    Must include or be accompanied by authority; and
>
> D.    Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000).   While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." <u>Watson v. United States ex rel. Lerma</u>, 285 Fed. Appx. 140, 143 (5th Cir. 2008).   The Fifth Circuit has held, however, that a proper

---

[26]<u>Id.</u> at 3 ¶ 4.

sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 709 n. 2 (5th Cir. 1976), <u>cert. denied</u>, 97 S. Ct. 1139 (1977) (per curiam) (citing <u>Woodham v. American Cystoscope Co.</u>, 335 F.2d 551, 556-57 (5th Cir. 1964) (motion to dismiss)).

The doctrine of <u>res judicata</u> or claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." <u>Petro-Hunt, L.L.C. v. United States</u>, 365 F.3d 385, 395 (5th Cir.), <u>cert. denied</u>, 125 S. Ct. 808 (2004). For <u>res judicata</u> to bar a claim, four requirements must be met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." <u>Id.</u>

In <u>Wesolek I</u> the court concluded that claims for common law fraud and violation of the Texas Securities Act arising from misrepresentations made before the plaintiffs invested in the Funds were claims that the plaintiffs could assert directly, but that claims for conversion, violation of the Texas Theft Liability Act, money had and received, breach of fiduciary duty, negligence, common law fraud, and violation of the Texas Securities Act arising from misrepresentations made after the plaintiffs had invested in the Funds were claims that the plaintiffs could only assert

-13-

derivatively on behalf of the Funds. Wesolek I, ___ F.Supp.2d at

____, Civil Action No. 12-0063, 2012 WL 1835697, *11 (S.D. Tex.

May 18, 2012). After concluding that the plaintiffs failed to

plead fraud with particularity as required by Federal Rule of Civil

Procedure 9(b), the court dismissed with prejudice the plaintiffs'

direct claims for common law fraud and violation of the Texas

Securities Act arising from misrepresentations made before the

plaintiffs invested in the Funds under Rule 12(b)(6) for failure to

state a claim for which relief may be granted, but dismissed

without prejudice the claims that plaintiffs could only assert

derivatively under Rule 12(b)(1) for lack of standing. Id. at ___,

2012 WL 1835697 at *12-*13.

Plaintiffs do not dispute (1) that the direct claims alleged

in both Wesolek I and in this action involve parties who are

identical or in privity,[27] (2) that the prior judgment dismissing

their direct claims was rendered by a court of competent

---

[27]While res judicata is generally not a bar to parties who
themselves did not have an opportunity to litigate in the prior
action, under Texas law parties are in privity for purposes of res
judicata when their interests are adequately represented by a party
to the prior action. Non-parties such as the plaintiffs named in
this action who were not named in the prior action are adequately
represented where a party in the prior action is so closely aligned
to their interests as to be their virtual representative. Because
the plaintiffs in the prior action expressly alleged all of their
claims not only on their own behalf, but "as class representatives
on behalf of all persons who invested in either the (1) Wharton
Energy Fund or the (2) Layton Energy Fund 2," Wesolek I, ___
F.Supp.2d at ___, Civil Action No. 12-0063, 2012 WL 1835697, *1,
plaintiffs' failure to dispute this element of the res judicata
test leads the court to conclude that it is satisfied. See Meza v.
General Battery Corp., 908 F.2d 1262, 1266-67 (5th Cir. 1990).

jurisdiction, (3) that the prior judgment was a final judgment on
the merits as to the direct claims, and (4) that the direct claims
asserted in this action are claims that were either litigated or
could have been litigated in the prior action.   Moreover,
plaintiffs do not deny that this is the second time they have
attempted to litigate claims arising from their investments in the
Layton Energy Wharton Fund and/or the Layton Energy Fund 2.
Accordingly, the court concludes that the direct claims asserted in
this action are barred by the doctrine of <u>res judicata</u> and,
therefore, are subject to dismissal with prejudice for failure to
state a claim for which relief may be granted under Rule 12(b)(6).
<u>See Fernandez-Montes v. Allied Pilots Association</u>, 987 F.2d 278,
284 n.8 (5th Cir. 1993).

**B.   Plaintiffs' Derivative Claims Fail to Satisfy the Pleading
Requirements of Texas and/or Federal Law**

Asserting that "[t]he two Funds are both Texas limited
partnerships,"[28] defendants argue that

> under applicable Texas law, a limited partner may bring
> a derivative action on behalf of a limited partnership
> only where (1) all general partners with authority have
> refused to bring an action; or (2) an effort to cause
> those general partners to bring an action is not likely
> to succeed. Tex. Bus. Org. Code § 153.041 . . . In all
> such actions, "the complaint must contain with
> particularity: (1) the effort, if any, of the plaintiff
> to secure initiation of the action by a general partner;
> or (2) the reasons for not making the effort." Tex. Bus.
> Org. Code § 153.04[3] . . . When a complaint does not

---

[28]Defendants' Motion to Dismiss Plaintiffs' Original Petition,
Docket Entry No. 2, p. 12 ¶ 25.

meet this statutory pleading requirement, it must be dismissed.[29]

Defendants explain that

> [d]espite the fact that most of Plaintiffs in this case have already had their claims dismissed for failure to meet these pleading standards, Plaintiffs have still not met the requirements.  In fact, Plaintiffs make the same allegations about demand that the Court found to be insufficient in *Wesolek I*, claiming generally only that the limited partners "attempted numerous times since 2009 to initiate action of the general partner . . . ." (Ex. A, *Wesolek II* petition, p. 9, ¶¶ 65-66; *see* Ex. B, *Wesolek I* complaint, p. 7, ¶¶ 40-41).  Plaintiffs fare no better with the demand futility requirement, relying on the same general assertion found to be insufficient in *Wesolek I* that "[b]eginning in the summer of 2010, Layton and Legler discontinued answering inquiries from the limited partners and investors."  (Ex. A., *Wesolek II* petition, p. 9 ¶¶ 65-66; *see* Ex. B, *Wesolek I* complaint, p. 7, ¶¶ 40-41).  Now on their third petition, after already having their claims dismissed once for the same deficiencies, Plaintiffs still do not provide details about any alleged demand futility or plead it with particularity.[30]

Defendants also argue that plaintiffs' pleadings are deficient "because Plaintiffs have neither verified their pleading nor specifically set forth 'that the action is not a collusive one to confer jurisdiction that the court would otherwise lack,' as required by Fed. R. Civ. P. 23.1(b)(2)."[31]

Plaintiffs do not dispute defendants' contention that they have failed to comply with the requirements of either the Texas Business Organizations Code § 153.043 or Federal Rule of Civil

---

[29]*Id.*

[30]*Id.* at 12-13 ¶ 26.

[31]*Id.* at 13 ¶ 27.

Procedure 23.1 for asserting derivative claims. Instead, without citing any portion of the Original Petition filed in this action, plaintiffs assert that "they attempted to get the general partner, Layton Energy Texas, LLC to act through its two members: Daniel Layton and J. Clark[] Legler. Since then, and up to the filing of the present cause, no action was taken by the general partner."[32]

The Original Petition that plaintiffs filed in this action asserts the same derivative claims that were asserted in Wesolek I, but despite being placed on notice by the court's opinion in Wesolek I of the need to plead with particularity facts capable of establishing that the preconditions required by Texas law for asserting such claims have been satisfied,[33] plaintiffs have failed

---

[32]Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Original Petition, Docket Entry No. 7, p. 3 ¶ 6.

[33]In Wesolek I plaintiffs filed an original petition and an amended complaint that failed to allege facts capable of establishing that they had satisfied the preconditions for bringing derivative claims. The court explained that

With respect to limited partnerships, a general partner acting with authority has the capacity to bring a suit in the name of the limited partnership, but only when a majority-in-interest of the partners agree to such action. See Tex. Bus. Org. Code § 152.209.

A limited partner may bring an action in a court on behalf of the limited partnership to recover a judgment in the limited partnership's favor if:

(1) all general partners with authority to bring the action have refused to bring the action; or

(2) an effort to cause those general partners to bring the action is not likely to succeed.
(continued...)

to allege with particularity "(1) the effort, if any, of the plaintiff to secure initiation of the action by a general partner; or (2) the reasons for not making the effort," as required by Tex. Bus. Org. Code § 153.043.  Instead, plaintiffs merely allege:

> 65.  Layton Energy Wharton Fund, LP, is a Texas limited partnership.   Limited partners, including Enrique Reyes-B, Nahum Daniels and Levi Lindemann attempted numerous times since 2009 to initiate action of the general partner, Layton Energy, LLC through Daniel Layton and J. Clark[] Legler.  Beginning in the summer of 2010, Layton and Legler discontinued answering inquiries from the limited partners and investors.  This action is brought derivatively because the general partner has neither brought an action, and based on the refusal of Layton and Legler to address the limited partners' inquiries since the summer of 2010, any effort to cause the general partner to bring an action is not likely to succeed.

> 66.  Layton Energy Fund 2, LP is a Texas limited partnership. Daniel Layton and J. Clark[] Legler are the managing members and owners of the general partner Layton Energy, LLC.   Limited partners, including Enrique Reyes-B, Nahum Daniels and Levi Lindemann attempted numerous times since 2009 to initiate action of the general partner, Layton Energy, LLC through Daniel Layton and J. Clark[] Legler.  Beginning in the summer of 2010, Layton and Legler discontinued answering inquiries from

---

[33](...continued)
Tex. Bus. Org. Code § 153.401.  In such a situation "the plaintiff must be a limited partner when the action is brought," Tex. Bus. Org. Code § 153.402, and "the complaint must contain with particularity:  (1) the effort, if any, of the plaintiff to secure initiation of the action by a general partner; or (2) the reasons for not making the effort."  Tex. Bus. Org. Code § 153.403. See also Federal Rule of Civil Procedure 23.1 (establishing similar requirements for pleading with particularity any effort to obtain desired action from appropriate authority, or the reasons for not obtaining the action or making the effort).

Wesolek I, ___ F.Supp.2d at ___, 2012 WL 1835697, *6.

-18-

> the limited partners and investors.  This action is
> brought derivatively because the general partner has
> neither brought an action, and based on the refusal of
> Layton and Legler to address the limited partners'
> inquiries since the summer of 2010, any effort to cause
> the general partner to bring an action is not likely to
> succeed.[34]

Nor have plaintiffs specifically set forth "that the action is not

a collusive one to confer jurisdiction that the court would

otherwise lack," as required by Fed. R. Civ. P. 23.1(b)(2).

Moreover, in response to defendants' motion to dismiss, plaintiffs

do not dispute that their petition fails to allege with

particularity facts capable of establishing that they have

satisfied the state and/or federal law requirements for pleading

derivative claims.  Instead, plaintiffs merely request leave to

replead.

Because Plaintiffs' Original Petition lacks particularized

factual allegations capable of establishing that plaintiffs have

satisfied the preconditions required by Texas and/or federal law to

assert derivative claims, the plaintiffs' derivative claims are

subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim for which relief may be granted.  See

Rios, 444 F.3d at 421 ("Dismissal is proper if the complaint lacks

an allegation regarding a required element necessary to obtain

relief.").

------

[34]Original Petition, Exhibit B to Notice of Removal, Docket
Entry No. 1-3, pp. 9-10 ¶¶ 65-66.

**C.   Plaintiffs' Request to Replead Lacks Merit**

Without citing any law or legal authority plaintiffs end their response in opposition to defendants' motion to dismiss with a request for leave to "replead within 14 days of the Court's order."[35]   The Original Petition that plaintiffs filed in this action asserts the same derivative claims that were asserted in Wesolek I, but as in Wesolek I, plaintiffs failed to allege with particularity "(1) the effort, if any, of the plaintiff to secure initiation of the action by a general partner; or (2) the reasons for not making the effort," as required by Tex. Bus. Org. Code § 153.043.   Nor did plaintiffs specifically set forth "that the action is not a collusive one to confer jurisdiction that the court would otherwise lack," as required by Fed. R. Civ. P. 23.1(b)(2). Moreover, in response to defendants' motion to dismiss, plaintiffs do not dispute that their petition fails to satisfy the state and/or federal law requirements for pleading derivative claims. Instead, plaintiffs merely request leave to replead.   But plaintiffs did not attach to their response in opposition a proposed amended complaint, and in the body of their response plaintiffs neither stated what, if any, additional facts they would allege in an amended complaint, nor explained why they failed to allege such facts in the Original Petition. On December 18, 2012, over a month after they filed their response in opposition to

_____

[35]Id. at 4.

defendants' motion to dismiss, and without leave of court notwithstanding defendants' having filed an answer,[36] plaintiffs filed Plaintiff's Amended Class Action and Derivative Complaint (Docket Entry No. 16). But like Plaintiffs' Original Petition, Plaintiffs' Amended Class Action and Derivative Complaint fails to allege with particularity facts capable of establishing that the preconditions for asserting derivative claims required by the Texas Business Organizations Code § 153.403 and by Federal Rule of Civil Procedure 23.1(b)(3) have been satisfied.[37]  Moreover, because Plaintiffs' Amended Class Action and Derivative Complaint is not verified and does not include an allegation "that the action is not a collusive one to confer jurisdiction that the court would otherwise lack," as required by Fed. R. Civ. P. 23.1(b)(2), Plaintiffs' Amended Class Action and Derivative Complaint (Docket Entry No. 16) fails to satisfy the federal law requirements for asserting class action claims.

The court's opinion in Wesolek I put plaintiffs on notice of the need to plead facts capable of establishing that the preconditions for asserting derivative claims under state and federal law have been satisfied.  Yet, despite this notice in

---

[36]See Federal Rule of Civil Procedure 15 (requiring leave of court to amend pleadings more than 21 days after a responsive pleading has been served).

[37]See Plaintiffs' Amended Class Action and Derivative Complaint, Docket Entry No. 16, pp. 8-9 ¶¶ 65-66, which are virtually identical to the same paragraphs in their Original Petition.

Wesolek I, plaintiffs filed not only an Original Petition but also an Amended Class Action and Derivative Complaint in this action asserting derivative claims without alleging with particularity facts capable of establishing that the preconditions for bringing derivative claims required by state and/or federal law have been satisfied.  Under these circumstances the court is not persuaded that plaintiffs should receive yet another opportunity to replead their derivative claims.  The Supreme Court has sanctioned repeated failures to cure deficiencies by amendments previously allowed, and futility of the amendment, as acceptable reasons for a district court to deny a party's request for leave to amend.  See Foman v. Davis, 83 S. Ct. 227 (1962).  See also McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5th Cir. 2002), cert. denied, 123 S. Ct. 1332 (2003) (finding no abuse of discretion in the district court's denial of request for leave to amend where the plaintiffs failed to submit a proposed amended complaint together with a request for leave to amend and failed to alert the court to the substance of any proposed amendment).  Accordingly, plaintiffs' request for leave to amend will be denied.

## IV.  Conclusions and Order

For the reasons explained in § II.A, above, the court concludes that the claims the plaintiffs have asserted against the defendants directly for common law fraud, conversion, violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code

-22-

§ 134.003(a), and the Texas Securities Act, Tex. Rev. Civ. Stat. Art. 581-33, money had and received, breach of fiduciary duty, and negligence are barred by the doctrine of <u>res judicata</u>.  For the reasons explained in § II.B, above, the court concludes that the claims that the plaintiffs have asserted against the defendants derivatively on behalf of Layton Energy Wharton Fund and the Layton Energy Fund 2 for common law fraud, conversion, violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.003(a), and the Texas Securities Act, Tex. Rev. Civ. Stat. Art. 581-33, money had and received, breach of fiduciary duty, and negligence should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' Original Petition (Docket Entry No. 2) is **GRANTED**.  For the reasons explained in § II.C, above, plaintiffs' request for leave to replead asserted in their Response to Defendants' Motion to Dismiss Plaintiffs' Original Petition (Docket Entry No. 7) is **DENIED**.

**SIGNED** at Houston, Texas, on this 21st day of December, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-23-