IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN S. WESOLEK, DEBORAH J. WESOLEK,
JOEL T. JOHNSON, RANDY LINSTEDT, DOUGLAS A.
CARSON, DR. ENRIQUE REYES-B, MARIA GEORGINA
REYES, LEVI LINDEMANN, STEPHANIE LINDEMANN,
MICHAEL P. WAGNER, DANIEL MILLER, KRISTINA
MILLER, ROEL TREVINO, TIM PETERSON,
JANICE LAU, MIKE TASZAREK, E. BRENT LUNDGREN,
GLORIA GACKLE, PETE HILL, KELCEY HILL,
KEN ULLMANN, DALE SCHNEIDER, DEBORAH
JOHN MCINTOSH, MARGARET MCINTOSH,
MERYL A. WILLERT, JR., JULIE WILLERT, TYLER ROEHL,
PAMELA G. KLOOS, JEFFREY T. KLOOS, JUDY KVAALE,
CLIFF LARSON, JUDY DVORAZK, MONA THORSTAD,
ARLYN LAND, STEVE JOHNSON, LORI JOHNSON, JANET
SKINNER, and GEORGE SLIGHT, JERRY TALBERT,
JASON GION, VICKIE GION, MARY OHLHAUSER, RANDY
OHLHAUSER, TIM HOLLAND, RICK ERICKSON, PAUL
QUINNILD, CAROL QUINNILD, MARK FOLAND, KAREN FOLAND,
DEVIN LUBINUS, BRENT LARSON, SANDRA UELAND,
JOE HENJUM, GARY HEARNEN, DON HEARDEN,
RANAIE BALL, BRIAN TJERLUND, MIKE TASZARCK,
RON BIUR, DAVE PAULSON, BRUCE KUSLER, MIKE
HOLMGREN, and GUSTAV KOPRIVA, Individually and
Derivatively, On Behalf of LAYTON ENERGY WHARTON
FUND, LP and LAYTON ENERGY FUND 2, LP


United States District Court
Southern District of Texas
FILED
JAN 22 2014
David J. Bradley, Clerk of Court

    Plaintiffs,                                    CIVIL ACTION NO. 4:12-CV-03210

v.

DANIEL LAYTON, J. CLARK LEGLER, LAYTON
ENERGY TEXAS, LLC, LAYTON CORPORATION, LAYTON
ENERGY WHARTON FUND, LP, and LAYTON ENERGY
FUND 2, LP,

    Defendants.

**PLAINTIFF, MICHAEL P. WAGNER'S, RESPONSE AND MOTION FOR RELIEF**

    Plaintiff, Michael P. Wagner, hereby responds to Defendants' Request for Relief/Sanctions (Doc. 19) and further moves the Court for an Order denying

Defendants' Request for Relief (judgment) against any Plaintiff[1] upon, but not limited to, the following grounds:

1. The Defendants are barred (Rule 54(d)(2) and *res judicata*) from claiming attorney fees and non-taxable expenses from Plaintiffs incurred on account of any litigation that took place and was completed prior to Judge Lake's final judgment in Case No. 4:12-CV-00063 (Wesolek I) dated May 18, 2012. The Defendants failed to appeal Judge Lake's May 18, 2012 final judgment within 60 days as required by Rule 4 of the Federal Rules of Appellate Procedure, and the Defendants failed to make their claim for attorney fees and related non-taxable expenses within 14 days as required by Rule 54(d)(2) of the Federal Rules of Civil Procedure. As a consequence, Defendants' claims for attorney fees and non-taxable expenses incurred prior to May 18, 2012 are time-barred and further barred by the Doctrine of *res judicata*.

2. Defendants' claims for damages and costs related to United States Court of Appeals for the Fifth Circuit, Case No. 13-20032, were previously denied by Order of the Court of Appeals issued as a mandate on January 3, 2014 (Doc. 24). The denial of the Defendants' costs and damages by the Fifth Circuit Court of Appeals bars Plaintiffs' claims for costs and damages associated with the time period commencing January 18, 2013 [Notice of Appeal (Doc. 20)] to January 13, 2014 [USCA Judgment (Doc. 24)].

3. Any other potential claims by the Defendants' for attorney fees and non-taxable expenses are limited to the approximate 3-month time period from October 3, 2012 [Defendants' first served with State Court Complaint as alleged at page 2,

---

[1] Plaintiff, Michael P. Wagner, appears pro se and does not represent other Plaintiffs in this action. However, to the best of Plaintiff Wagner's knowledge, information and belief, the other Plaintiffs in this action lack actual or constructive notice of the Defendants' Motion and Attorney Colbert's possible court activities subject to Rule 11 and other sanctions.

Paragraph 3 of Defendants' Notice of Removal (Doc. 1)] to December 21, 2012 [Judge Lake's Final Judgment (Doc. 18)].

4. Defendants have not complied with the 21-day Safe Harbor Notice provisions of Rule 11(c)(2) of the Federal Rules of Civil Procedure barring any claim for sanctions under Rule 11.

5. Defendants' claim for sanctions individually against Plaintiffs violates Rule 11(c)(4) of the Federal Rules of Civil Procedure which requires that sanctions be limited to what suffices to deter repetition of the conduct which, in this case, was only committed by Attorney Kevin Colbert, without any knowledge whatsoever by Plaintiffs. Plaintiffs should not be sanctioned for things they did not know about because Attorney Colbert failed to provide Plaintiffs with copies of pleadings and reports on his court activities required under Attorney Colbert's standard fee agreement (see Attorney Colbert's Fee Agreement attached to the Affidavit of Michael P. Wagner as Exhibit B).

6. Defendants' request for a joint and several judgment against Plaintiffs personally is not justified because Plaintiffs' attorney did not keep Plaintiffs informed of his unauthorized litigation activities, depriving Plaintiffs from exercising informed consent or otherwise being culpable for court activities Plaintiffs did not know about. Sanctions, even under Texas law, must only be imposed on the true offender which would be Attorney Colbert and not the uninformed Plaintiffs [See, Thottumkal v. McDugal, 251 S.W.3d 715 (Ct. App. TX 2008)].

7. Even though Defendants cite Texas state law in support of their claim for sanctions, the Defendants chose to remove and litigate the case in Federal court requiring strict adherence to the Federal Rules of Civil Procedure applicable to claims for attorney fees and non-taxable expenses. Defendants' claims for sanctions are

barred for failure to comply with the Federal Rules cited in Paragraphs 1, 4 and 5 above.

8. An award of sanctions to Defendants for attorney fees and non-taxable costs is unnecessary and duplicative because Defendants' claim a right to contractual indemnity as set forth in Defendants' letter dated October 29, 2012 attached to Defendants' Motion (Doc. 19) as Exhibit B.

Plaintiff, Michael P. Wagner, further moves the Court for an Order requiring the Defendants to provide him with a copy of their Fee Agreements related to Case No. 4:12-CV-00063, Case No. 4:12-CV-03210, and the Fifth Circuit Court of Appeals Case No. 13-20032 and a complete itemization of all attorney fees and costs incurred with evidence (canceled checks, etc.) of all payments actually made by any of the Defendants claiming sanctions so he can further evaluate Defendants' claim for attorney fees and costs.

Plaintiff, Michael P. Wagner, further moves the Court for an Order requiring that Attorney Kevin Colbert immediately provide a notice with a written explanation of the status of the case to all Plaintiffs clearly stating that Case No. 4:12-CV-03210 has not been concluded as erroneously stated by Attorney Colbert in his letter dated January 9, 2014, a copy of which is attached to this Motion as Exhibit A.

Plaintiff, Michael P. Wagner, further moves the Court for an Order adding 90 days onto the filing deadlines set forth in Judge Lake's Order (Doc. 25) to give Plaintiffs sufficient opportunity to fully address and brief the issues raised in Defendants' Motion (Doc. 19). It is quite clear that Plaintiffs were not provided notice of Defendants' Motion (Doc. 19) by Attorney Colbert who believed the case was concluded as stated in his January 9, 2014 letter (Exhibit A).

This Motion is also supported by the Affidavit of Michael P. Wagner dated January 21, 2014.

This Response and Motion is intended to comply with Judge Lake's Order dated January 13, 2014.

Respectfully submitted this 21st day of January, 2014.

*[signature]*
MICHAEL P. WAGNER
Plaintiff Pro Se
c/o Wagner Law Firm, S.C.
393 Red Cedar Street, Suite 1
P. O. Box 39
Menomonie, Wisconsin 54751
Telephone: 715-235-6400
Facsimile: 715-235-5808
mikew@wagslaw.com

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer with counsel for Defendants, Christopher Hackerman and Andrew Harvin, by calling them on the phone on January 20, 2014 and discussing the issues in this Motion and the Defendants' Motion. Although the issues raised in both Motions are not resolved, the Defendants' attorneys preliminarily accept the notion that I, and the other Plaintiffs, should have actual notice of both Motions and sufficient time to respond and seek legal counsel before the Court renders a decision potentially rendering a money judgment against uninformed Plaintiffs.

*[signature]*
MICHAEL P. WAGNER

## CERTIFICATE OF SERVICE

This is to certify that the foregoing, along with the accompanying proposed order, was forwarded to the Clerk of Court by Federal Express. Notice of this filing was served on January 21, 2014, on all attorneys of record, by facsimile, as well as by United States First Class Mail, including as follows:

Kevin L. Colbert
The Law Office of Kevin L. Colbert, JD, LL.M., PLLC
900 Town & Country Lane, Suite 205
Houston, TX 77024
Fax: 713-465-6491

Christopher Hackerman
Andrew Harvin
Doyle, Restrepo, Harvin & Robbins, LLP
600 Travis, Suite 4700
Houston, TX 77002
Fax: 713-228-6138

_____
MICHAEL P. WAGNER

RECEIVED JAN 1 3 2014

# THE LAW OFFICE OF KEVIN L. COLBERT, JD, LL.M., PLLC
### 900 TOWN & COUNTRY LANE, SUITE 205
### HOUSTON, TEXAS 77024

KEVIN L. COLBERT

TELEPHONE (713) 465-1630
FACSIMILE (713) 465-6491

January 9, 2014

Michael P. Wagner
393 Red Cedar St.
Menomonie, WI 54751

RE: Case 4:12-cv-03210, John S. Wesolek, et al v. Daniel Layton, et al

Dear Mr. Wagner,

The United States Court of Appeal for the Fifth Circuit has dismissed the investor's appeal as being frivolous. Additionally, Layton moved the court for sanctions and damages which the court of appeal denied. At this point, the lawsuit against Layton is concluded with no relief for the investors.

Cordially,

Kevin L. Colbert

EXHIBIT A