IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN S. WESOLEK, et al <br> PLAINTIFFS, <br><br> V. <br><br> DANIEL LAYTON, et al <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. 4:12-cv-03210 <br> § <br> § |

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Plaintiffs John S. Wesolek, et al files this Plaintiffs' Response to Defendants' Motion for Relief and respectfully shows as follows:

### **SUMMARY**

1. Neither Plaintiffs' counsel nor Plaintiffs disregarded this Court's memorandum order in *Wesolek I*. Plaintiffs filed *Wesolek II* in Texas state court; Defendants then removed *Wesolek II*. Plaintiffs have a good faith argument for filing *Wesolek II* and Defendants' Motion for Relief should be denied. Additionally, Defendants' are precluded from seeking relief through their Motion for Relief because the Fifth Circuit Court of Appeals denied a substantially similar

motion.

**STANDARD**

2.      Defendants complain that Plaintiffs' filing of Wesolek II was "presented for [an] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that Plaintiffs' claims were not "warranted by existing law or a nonfrivoulous argument for extending, modifying, or reversing existing law or for establishing new law." (Fed. R.Civ P. 11(b)(1)&(2).

**ARGUMENT**

3.      Defendants complain, primarily, that Defendants filed a frivolous claim by not filing a verified complaint with regard to the derivative claims.  In essence, Defendants claim that Plaintiffs were required to file a verified derivative complaint because Defendants removed Plaintiffs Original Petition to Federal Court. Additionally, Defendants assert that Plaintiffs demand was either insufficient or that after Plaintiffs made the demands they did, Plaintiffs cannot plead excuse.

4.      The demand requirement is governed by state law.  *Halebian v. Berv*, 590 F.3d 195, 204 (2nd Cir. 2009).  Tex Bus. Org. C. Ann § 153.401 requires (1) the effort, if any, of the plaintiff to secure initiation of the action by a general partner; or (2) the reasons for not making the effort.  There is no requirement under Texas law to state the action "is not a collusive one to confer jurisdiction that the court would otherwise lack." Fed. R. Civ. P. 23.1(b)(2). Here, Plaintiffs plead that they attempted to get the general partner, Layton Energy Texas, LLC to act through its two members: Daniel Layton and J. Clarke Legler.  Since then, and up to the filing of the present cause, no action was taken by the general partner. Plaintiffs had a good faith argument that they satisfied the requirements of Texas Business Organizations Code § 153.401

as indicated in paragraphs 65 and 66 of Plaintiffs Original Petition and Requests for Production. "[T]here is a presumption that pleadings are filed in good faith that the movant must overcome." *Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir. 2000). There is, likewise, under Texas law a presumption that pleadings are filed in good faith and the party seeking sanctions under Civ. Prac. & Rem. C. Ch. 10 "bears the burden of overcoming that presumption." See *Thottumkal v. McDougal,* 351 S.W.3e 715, 718 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Section 153.401 does not require any allegation that the action is not brought "collusively" nor is there a requirement for the petition to be verified. Additionally, section 153.401(2) clearly recognizes "demand futility" with respect to limited partnership derivative actions. [1]

5. Additionally, Defendants' Motion for Relief is defective because it was not served on the parties at least 21 days before being filed in this Court in violation of Fed. R. Civ. P. 11(c)(2) and should be stricken. *Id.*

6. Lastly, Defendants' Motion for Relief is barred by *res judicata*. Defendants filed a substantially similar motion in the United States Court of Appeals for the Fifth Circuit where it was denied. Res judicata applies when, as here, "all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate …invocation of the principles of res judicata." Carbonell v. Lousiana Dept. of Health & Human Resources, 772 F.2d 185, 189 (5th Cir 1985)..

THEREFORE, Plaintiffs respectfully pray that this Court:

1. Deny Defendants' Motion for Relief and Grant Plaintiffs and all other relief to which they may show themselves entitled, or which the Court deems proper.

---

[1] Section 153.401 of the Texas Business Organizations Code states:
A limited partner may bring an action in court on behalf of the limited partnership to recover a judgment in the limited partnership's favor if: (1) all general partners with authority to bring the actin have refused to bring the action; or (2) an effort to cause those general partners to bring the action is not likely to succeed.

Respectfully submitted,

**THE LAW OFFICE OF KEVIN L. COLBERT, JD, LL.M., PLLC**

By:__/s/ Kevin L. Colbert_____

   Kevin L. Colbert
   Texas State Bar # 04528550
   Federal ID # 202419
   900 Town & Country Ln., Suite 205
Houston, Texas 77024
Ph:   (713) 465 - 1630
Fax: (713) 465 - 6941
Email: colke1@msn.com
**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing document was served on January 24, 2014 pursuant to the Federal Rules of Civil Procedure:

       _____/s/ Kevin L. Colbert_____
       Kevin L. Colbert