IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN S. WESOLEK, DEBORAH J. WESOLEK, JOEL T. JOHNSON, RANDY LINSTEDT, DOUGLAS A. CARSON, DR. ENRIQUE REYES-B, MARIA GEORGINA REYES, LEVI LINDEMANN, STEPHANIE LINDEMANN, MICHAEL P. WAGNER, DANIEL MILLER, KRISTINA MILLER, ROEL TREVINO, TIM PETERSON, JANICE LAU, MIKE TASZAREK, E. BRENT LUNDGREN, GLORIA GACKLE, PETE HILL, KELCEY HILL, KEN ULLMANN, DALE SCHNEIDER, DEBORAH SCHNEIDER, JOHN MCINTOSH, MARGARET MCINTOSH, MERYL A. WILLERT, JR., JULIE WILLERT, TYLER ROEHL, PAMELA G. KLOOS, JEFFERY T. KLOOS, JUDY KVAALE, CLIFF LARSON, JUDY DVORAZK, MONA THORSTAD, ARLYN LAND, STEVE JOHNSON, LORI JOHNSON, JANET SKINNER, and GEORGE SLIGHT,  JERRY TALBERT, JASON GION, VICKIE GION, MARY OHLHAUSER, RANDY OHLHAUSER, TIM HOLLAND, RICK ERICKSON, PAUL QUINNILD, CAROL QUINNILD, MARK FOLAND, KAREN FOLAND, DEVIN LUBINUS, BRENT LARSON, SANDRA UELAND, JOE HENJUM, GARY HEARNEN, DON HEARDEN, RANAIE BALL, BRIAN TJERLUND, MIKE TASZARCK, RON BIUR, DAVE PAULSON, BRUSE KUSLER, MIKE HOLMGREN, and GUSTAV KOPRIVA, Individually and Derivatively, on Behalf of LAYTON ENERGY WHARTON FUND, LP and LAYTON ENERGY FUND 2, LP,<br><br>                Plaintiffs,<br><br>v.<br><br>DANIEL LAYTON, J. CLARK LEGLER, LAYTON ENERGY TEXAS, LLC, LAYTON CORPORATION, LAYTON ENERGY WHARTON FUND, LP, and LAYTON ENERGY FUND 2, LP,<br><br>                Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-12-3210 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion for Relief (Docket Entry No. 19) in which

> Defendants seek recovery of all of the attorney's fees and expenses incurred by Defendants in *Wesolek I* and *Wesolek II* in the current amount of approximately $350,000, jointly and severally, from all of Plaintiffs who were also Plaintiffs in *Wesolek I* and their counsel, Kevin L. Colbert, and his law firm, The Law Office of Kevin L. Colbert, JD, LL.M, PLLC.  In addition, Defendants seek recovery of all of the attorney's fees and expenses incurred by Defendants in *Wesolek II*, jointly and severally, from Plaintiffs and their counsel, Kevin L. Colbert, and his law firm, The Law Office of Kevin L. Colbert, JD, LL.M, PLLC.[1]

Also pending is Plaintiff, Michael P. Wagner's, Response and Motion for Relief (Docket Entry No. 27) seeking orders requiring defendants to provide him copies of their relevant fee agreements, requiring plaintiffs' counsel to provide a written explanation of the status of the case, and an order adding 90 days to the filing deadlines set forth in the court's Order of January 13, 2014 (Docket Entry No. 25).  For the reasons stated below, defendants' motion for relief will be granted in part and denied in part, and Wagner's motion for relief will be denied as moot.

## I.  Factual and Procedural Background

Defendants in this action are partnerships and their managing partners who have twice been sued by the same attorney representing

---

[1]Defendants' Motion for Relief, Docket Entry No. 19, p. 18 ¶ 30.

groups of plaintiffs who invested in the partnerships. The current action is the second of the two actions filed against the named defendants ("Wesolek II"). The first action was initiated on December 21, 2011, by the filing of a class action petition in state district court, which was removed to this court on January 6, 2012 (Wesolek, et al. v. Layton, et al., Civil Action No. 4:12-cv-00063, "Wesolek I"). On January 25, 2012, the first 39 plaintiffs in the current lawsuit filed Plaintiffs' Amended Class Action Complaint in Wesolek I.[2] On February 2 and 8, 2012, defendants filed motions to dismiss in response to which plaintiffs voluntarily dismissed one defendant — Platinum Energy Solutions, Inc. — and argued that the claims asserted against the remaining defendants should not be dismissed.[3] On May 18, 2012, the court entered a Memorandum Opinion and Order granting defendants' motions to dismiss and a Final Judgment dismissing plaintiffs' derivative claims without prejudice and plaintiffs' direct claims with prejudice, Wesolek v. Layton (Wesolek I), 871 F. Supp. 2d 620 (S.D. Tex. 2012).[4]

The court concluded that the plaintiffs' claims for common law fraud and violation of the Texas Securities Act arising from

---

[2]Wesolek I, Docket Entry No. 11.

[3]Id., Docket Entry Nos. 15, 16, 18, and 21 (defendants' motions to dismiss amended complaint) and 22, 23, and 24 (plaintiffs' responses to motions to dismiss).

[4]Id., Docket Entry Nos. 30 (Memorandum Opinion and Order) and 31 (Final Judgment).

misrepresentations made before they invested in the partnerships were claims that the plaintiffs could assert directly, but that the plaintiffs' claims for conversion, violation of the Texas Theft Liability Act, money had and received, breach of fiduciary duty, negligence, common law fraud, and violation of the Texas Securities Act arising from misrepresentations made after they had invested in the Funds were claims that the plaintiffs could only assert derivatively on behalf of the Funds.  The court dismissed with prejudice the plaintiffs' direct claims for common law fraud and violation of the Texas Securities Act arising from misrepresentations made before the plaintiffs invested in the partnerships after concluding that the plaintiffs failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), and pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted.  But the court dismissed without prejudice the claims that plaintiffs could only assert derivatively pursuant to Rule 12(b)(1) for lack of standing.  <u>Id.</u> at 638.

Plaintiffs did not appeal the final judgment entered in <u>Wesolek I</u>.  Instead, on August 30, 2012, plaintiffs acting individually and derivatively on behalf of Layton Energy Wharton, LP or the Layton Energy Fund 2, LP filed Plaintiffs' Original Petition and Requests for Production in the 189th Judicial District Court of Harris County, Texas, against defendants Daniel Layton, J. Clark Legler, Layton Energy Texas, LLC, Layton Corporation,

Layton Energy Wharton Fund, LP, and Layton Energy Fund 2, LP. The Plaintiffs' Original Petition asserted claims for common law fraud, conversion, violation of the Texas Theft Liability Act, money had and received, violations of the Texas Securities Act, breach of fiduciary duty, and negligence.[5]   Plaintiffs' prayer for relief sought

> rescission of the sale of their limited partnership units, recovery of all sums invested in Wharton Energy Fund and Layton Energy Fund 2 on behalf of themselves and the members of the classes. Specifically, Plaintiffs seek recovery of $13,500,00[0] plus pre-judgment, post-judgment interest, costs of court, punitive damages and attorney's fees.[6]

On October 29, 2012, defendants filed a Notice of Removal (Docket Entry No. 1) asserting that "[t]his action is removable under the provisions of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453(b),"[7] and that "[a]ll the elements for removal of the instant action under CAFA are met."[8] The case was assigned to Judge Gilmore. On the same day defendants filed Defendants' Motion to Dismiss Plaintiffs' Original Petition (Docket Entry No. 2) pursuant to Federal Rules of Civil Procedure 9(b) for failure to plead fraud with particularity and 12(b)(6) for

---

[5]Plaintiffs' Original Petition and Requests for Production ("Original Petition"), Exhibit B to Notice of Removal, Docket Entry No. 1-3.

[6]Id. at 19 ¶ 127.

[7]Notice of Removal, Docket Entry No. 1, p. 3 ¶ V.5.

[8]Id. ¶ V.7.

failure to state a claim for which relief may be granted.  Also on October 29, 2012, defendants filed Defendants' Original Answer (Docket Entry No. 3).  On November 19, 2012, plaintiffs filed a response to the defendants' motion to dismiss in which they "concede[d] they do not have direct claims against Defendants and that all claims are derivative in nature on behalf of Layton Wharton Energy, LP and Layton Energy II, LP."[9]  Plaintiffs asserted that "[b]ecause Defendants do not complain about facts and representations as pled that occurred *after* Plaintiffs became limited partners, Defendants motion to dismiss under 12(b)(6) and 9(b) should be denied."[10]  At the end of their response to defendants' motion to dismiss, plaintiffs also sought leave to replead.[11]  On December 3, 2012, defendants filed a Reply to Plaintiffs' Response (Docket Entry No. 13).  Also on December 3, 2012, defendants filed a Notice of Related Litigation, Motion to Transfer, and Motion for Expedited Consideration (Docket Entry No. 12) in which defendants noticed Judge Gilmore of the related Wesolek I case, and based on that case, requested transfer to this court.  Plaintiffs did not oppose defendants' request to transfer. On December 5, 2012, Judge Gilmore entered an Order transferring

---

[9]Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Original Petition ("Plaintiffs' Response"), Docket Entry No. 7, p. 3 ¶ 4.

[10]Id. at 3-4 ¶ 7.

[11]Id. at 4.

the current action to this court (Docket Entry No. 13). On December 18, 2012, Plaintiffs' Amended Class Action and Derivative Complaint (Docket Entry No. 16) was filed.

On December 21, 2012, the court entered a Memorandum Opinion and Order granting Defendants' Motion to Dismiss (Docket Entry No. 17) and a Final Judgment dismissing all of plaintiffs' claims with prejudice (Docket Entry No. 18). See Wesolek v. Layton (Wesolek II), 914 F. Supp. 2d 853 (S.D. Tex. 2012). For the reasons explained in § II.A of the December 21, 2012, Memorandum Opinion and Order, the court concluded that the claims the plaintiffs asserted against the defendants directly for common law fraud, conversion, violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.003(a), and the Texas Securities Act, Tex. Rev. Civ. Stat. Art. 581-33, money had and received, breach of fiduciary duty, and negligence were barred by the doctrine of res judicata. Id. at 859-61 (citing Wesolek I, 871 F. Supp. 2d at 620). For the reasons explained in § II.B of the December 21, 2012, Memorandum Opinion and Order, the court concluded that the claims that the plaintiffs asserted against the defendants derivatively on behalf of Layton Energy Wharton Fund and the Layton Energy Fund 2 for common law fraud, conversion, violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.003(a), and the Texas Securities Act, Tex. Rev. Civ. Stat. Art. 581-33, money had and received, breach of fiduciary duty, and negligence should be dismissed with prejudice pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. _Id._ at 861-63. For the reasons explained in § II.C of the December 21, 2012, Memorandum Opinion and Order, the court denied plaintiffs' request for leave to replead. _Id._ at 863-64.

On January 7, 2014, the Fifth Circuit dismissed as frivolous plaintiffs' appeal from the December 21, 2012, Memorandum Opinion and Order (Docket Entry No. 24). The Fifth Circuit also denied defendants' motion for costs and damages under Federal Rule of Appellate Procedure 38.

## II.  **Analysis**

Defendants argue that they are entitled to relief against plaintiffs, plaintiffs' counsel, and his law firm in the form of attorneys' fees and expenses incurred defending the claims asserted in both _Wesolek I_ and _Wesolek II_ because the claims asserted in both actions were frivolous claims brought in bad faith for the purpose of harassing the defendants, and because the plaintiffs' pursuit of frivolous claims in two different actions disrupted the defendants' business and caused the defendants to incur approximately $350,000 in attorney's fees and expenses. Defendants argue that they are entitled to their attorney's fees and expenses from plaintiffs, plaintiffs' counsel, and his law firm as sanctions for bad faith conduct because plaintiffs and their counsel

> 25.   .  .  . have now filed and presented four
> different pleadings setting forth the same defective

allegations and claims in two different lawsuits (original and amended pleadings in both cases), and have further presented these claims and dragged out the proceedings through various other filings, including their Responses to Defendants' Motions to Dismiss in the two lawsuits. Plaintiffs' lawsuits have had the desired effect of harassing Defendants, disrupting Defendants' business, and requiring that they spend significant time and resources defending against them. In this regard, Plaintiffs' claims have also served as support for an Internet campaign against Defendants to cast Defendants as thieves and frauds. Defendants put Plaintiffs and Plaintiffs' attorney on notice that the claims were not brought in good faith and that Defendants would seek their attorney's fees and expenses if Plaintiffs persisted in making the claims. The Court entered a Final Judgment dismissing these claims in *Wesolek I*, providing that the direct claims were dismissed with prejudice, and detailing the claims' deficiencies in its accompanying 38-page Memorandum Opinion and Order.

26. Nevertheless, Plaintiffs and their attorney ignored the Court's Judgment in *Wesolek I* and brought the same claims based on the same allegations again in *Wesolek II*, requiring that Defendants spend additional time and resources once again to defend themselves, and to file collectively their fifth motion to dismiss these claims, and that the Court spend its judicial resources once again to address them. In granting Defendants' Motion to Dismiss, the Court found that Plaintiffs' direct claims were barred by res judicata based on the Final Judgment in *Wesolek I*. In addressing Plaintiffs' derivative claims, the Court further found:

> The court's opinion in <u>Wesolek I</u> put plaintiffs on notice of the need to plead facts capable of establishing that the preconditions for asserting derivative claims under state and federal law have been satisfied. Yet, despite this notice in <u>Wesolek I</u>, plaintiffs filed not only an Original Petition but also an Amended Class Action and Derivative Complaint in this action asserting derivative claims without alleging with particularity facts capable of establishing that the preconditions for bringing derivative claims required by state and/or federal law have been satisfied.

-9-

(*Wesolek II*, Doc. No. 17, p. 22).  Although the Court had already dismissed the claims once, Plaintiffs and their counsel were undeterred and simply filed the claims again.  Such conduct should not be countenanced.[12]

Defendants rely on both federal and state law in support of their motion for relief:  Federal Rule of Civil Procedure 11(b), 28 U.S.C. § 1927, the court's inherent authority as recognized by the Supreme Court in <u>Chambers v. NASCO</u>, 111 S. Ct. 2123 (1991), Texas Business Organizations Code § 153.404, Chapter 10 of the Texas Civil Practices and Remedies Code, and Texas Rule of Civil Procedure 13.

Plaintiff Michael P. Wagner acting individually, and all other plaintiffs acting collectively through their counsel, Kevin L. Colbert, urge the court to deny defendants' motion for relief.[13]

**A.   Federal Law**

   1.   <u>Rule 11 Does Not Entitle Defendants to Relief</u>

Defendants cite Federal Rule of Civil Procedure 11(b) in support of the argument that they are entitled to their attorney's fees and expenses from plaintiffs, plaintiffs' counsel, and his law firm.  Rule 11(b) authorizes courts to sanction parties who assert or cause to be asserted claims or defenses (1) that are made for

---

[12]Defendants' Motion for Relief, Docket Entry No. 19, pp. 15-16 ¶¶ 25-26.

[13]<u>See</u> Plaintiff, Michael P. Wagner's, Response and Motion for Relief ("Wagner's Response"), Docket Entry No. 27, and Plaintiffs' Response to Defendants' Motion for Relief ("Plaintiffs' Response"), Docket Entry No. 30.

any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that are not supported by existing law or by a good-faith argument for an extension or change in existing law; or (3) that lack evidentiary support or are likely to lack evidentiary support after a reasonable opportunity for investigation.   Fed. R. Civ. P. 11(b)(1)-(3).   The purpose of the rule is to "deter baseless filings in district court," Cooter & Gell v. Hartmarx Corp., 110 S. Ct. 2447, 2454 (1990), and to insure that "victims of frivolous lawsuits do not pay the expensive legal fees associated with defending such lawsuits."   Thomas v. Capital Security Services, Inc., 836 F.2d 866, 879 (5th Cir. 1988) (en banc).   After notice and opportunity to respond, courts finding a Rule 11(b) violation must impose appropriate sanctions.   Id. at 876 (a court abuses its discretion if it finds a Rule 11 violation and does not impose some form of sanctions).   See also Fed. R. Civ. P. 11(c)(1). Appropriate sanctions may include monetary awards in the form of attorney's fees and expenses. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 359-60 (5th Cir. 1986).

A party seeking monetary sanctions under Rule 11 must file a stand-alone motion describing specific sanctionable conduct, and must comply with the safe harbor provisions provided by Rule 11(c)(2).   The safe harbor provisions of Rule 11(c)(2) require motions for sanctions to be served under Federal Rule of Civil Procedure 5, but that the motion "not be filed or be presented to

the court if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." These provisions "contemplate[] service of the Rule 11 motion at least 21 days prior to filing the motion with the court in order to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." In re Silica Products Liability Litigation, 398 F. Supp. 2d 563, 673 n.173 (S.D. Tex. 2005) (citing Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)). The movant bears the burden of showing compliance with Rule 11's safe harbor provisions. See Harris v. Auxilium Pharms., Inc., 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Plaintiffs argue that the defendants' motion for relief under Rule 11 should be denied because defendants have not complied with the 21-day safe harbor notice provisions of Rule 11(c)(2).[14] Defendants do not dispute that they failed to comply with the safe harbor notice provisions of Rule 11(c)(2). Instead, defendants assert that

> any alleged technical failure to comply with Rule 11 does not preclude this court from awarding sanctions under the other authorities in Defendants' Motion for Relief, including under 28 U.S.C. § 1927, Tex. Bus. Org. Code § 153.404, the Court's inherent authority, Tex. Civ. Prac. & Rem. Code Chapter 10, and Tex. R. Civ. P. 13.[15]

---

[14]Wagner's Response, Docket Entry No. 27, ¶ 4; Plaintiffs' Response, Docket Entry No. 30, p. 3 ¶ 5.

[15]Defendants' Reply in Support of Motion for Relief (Doc. No. 19) ("Defendants' Reply"), Docket Entry No. 31, p. 11, ¶ 18.

Defendants filed their motion for sanctions on January 4, 2013, — two weeks after the court granted their motion to dismiss the claims asserted in Wesolek II on December 21, 2012, and over seven months after the court granted their motion to dismiss the claims asserted in Wesolek I on May 18, 2012.   A motion for sanctions filed after the case has concluded does not give the opposing party an opportunity to correct a complaint allegedly filed in violation of Rule 11.   Tompkins v. Cyr, 202 F.3d 770, 778 (5th Cir. 2000).   The reasons for requiring that a copy of the motion itself be served on the allegedly offending party is clear. The safe harbor provisions were intended to

> "protect[] litigants from sanctions wherever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions."

The Cadle Co. v. Pratt (In re Pratt), 524 F.3d 580, 587 (5th Cir. 2008) (citations omitted).   Moreover, the certificate of service indicates that defendants' motion for relief was served on the plaintiffs on the same date it was filed with the court. Defendants have not complied with Rule 11's requirement that the motion for sanctions be served on the party sought to be sanctioned at least 21 days before being filed with the court.

The Fifth Circuit has consistently "held that strict compliance with Rule 11 is mandatory," In re Pratt, 524 F.3d at

586-87, and that "[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11." Id. at 586. A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with the safe harbor provisions. Tompkins, 202 F.3d at 788; Brunig v. Clark, 560 F.3d 292, 297 (5th Cir. 2009). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. In re Pratt, 524 F.3d at 586-88. Because defendants have not shown that they complied with Rule 11's safe harbor provisions by serving their motion for sanctions on plaintiffs, plaintiffs' counsel, and his law firm at least 21 days before filing it with the court, no sanctions can be imposed under Rule 11. Tompkins, 202 F.3d at 778; Brunig, 560 F.3d at 297. See also Elliott, 64 F.3d at 216 (reversing imposition of sanctions where movant failed to serve motion for sanctions on the defendants prior to filing it with the court as required by Rule 11).

    2.    <u>Defendants Are Entitled to Relief From Plaintiff's Counsel Under 28 U.S.C. § 1927 for Defense of Wesolek II</u>

    (a)   Plaintiffs Cannot Be Sanctioned Under § 1927

Defendants cite 28 U.S.C. § 1927 in support of the argument that they are entitled to their attorney's fees and expenses from plaintiffs, plaintiffs' counsel, and his law firm. Section 1927 provides:

-14-

> Any attorney or other person admitted to conduct cases in
> any court of the United States or any Territory thereof
> who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court
> to satisfy personally the excess costs, expenses, and
> attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C. § 1927. Thus, "[§] 1927 allows a district court to shift fees only to counsel, not to parties." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002). See also Matta v. May, 118 F.3d 410, 413-14 (5th Cir. 1997) ("Unlike Rule 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending attorneys; clients may not be ordered to pay such awards."). Accordingly, defendants' argument that the court should sanction plaintiffs — as opposed to plaintiffs' counsel — under 28 U.S.C. § 1927 has no merit.

      (b)   Plaintiffs' Counsel Can Be Sanctioned Under § 1927

### (1)   Standard of Review

The standard for awarding sanctions under § 1927 is higher than that applicable to Federal Rule of Civil Procedure 11. Bryant v. Military Department of Mississippi, 597 F.3d 678, 694 (5th Cir.), cert. denied, 131 S. Ct. 287 (2010) ("Rule 11 has a lower standard of culpability than § 1927"). If § 1927 and Rule 11 sanctioned the same sort of conduct, a party could circumvent the safe harbor requirements of Rule 11 simply by seeking sanctions under 28 U.S.C. § 1927. Such a rule would undermine the safe harbor provision of Rule 11. Rule 11 and § 1927 have therefore

-15-

been interpreted to apply to different kinds of conduct. <u>See</u>
<u>Samuels v. Wilder</u>, 906 F.2d 272, 275 (7th Cir. 1990) ("Section 1927
and Rule 11 are addressed to different conduct:  the statute to
prolonging litigation, and Rule 11 to particular filings.").

For § 1927 to apply, the conduct multiplying the proceedings
must be both "unreasonable" and "vexatious." <u>Procter & Gamble</u>, 280
F.3d at 525 (citing <u>F.D.I.C. v. Calhoun</u>, 34 F.3d 1291, 1297 (5th
Cir. 1994)).  Thus, in addition to a showing that the claims
pursued were baseless, § 1927 requires "evidence of bad faith,
improper motive, or reckless disregard of the duty owed to the
court." <u>Id.</u> (quoting <u>Edwards v. General Motors Corp.</u>, 153 F.3d
242, 246 (5th Cir. 1998)).  Moreover, "[§] 1927 only authorizes
shifting fees that are associated with 'the persistent prosecution
of a meritless claim.'" <u>Id.</u> (quoting <u>Browning v. Kramer</u>, 931 F.2d
340, 345 (5th Cir. 1991)).  In order to recover all costs
associated with an action, the moving party

> must prove, by clear and convincing evidence, that *every*
> *facet* of the litigation was patently meritless, . . . and
> counsel must have lacked a reason to file the suit and
> must wrongfully have persisted in its prosecution through
> discovery, pre-trial motions, and trial.

<u>Id.</u> at 526 (citing <u>National Association of Government Employees v.</u>
<u>National Federation of Federal Employees</u>, 844 F.2d 216, 223 (5th
Cir. 1988), and <u>Lewis v. Brown & Root, Inc.</u>, 711 F.2d 1287, 1292
(5th Cir. 1983), <u>clarified on reconsideration</u>, 722 F.2d 209 (5th
Cir. 1984)).

-16-

Recognizing the potential dampening effect that § 1927 can have on the legitimate zeal of counsel representing clients, the Fifth Circuit construes the statute in favor of the party against whom sanctions are sought.  Procter & Gamble, 280 F.3d at 526 (citing F.D.I.C. v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994)).

> [T]he district court must make detailed factual findings when imposing large sanctions in a complex case with an extensive record.  The court must (1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes.

Id.  The decision to impose § 1927 sanctions lies within the court's discretion.  Edwards, 153 F.3d at 246.

### (2)   Sanctions Not Warranted for Wesolek I

Section 1927 prohibits the persistent prosecution of meritless claims.  Thomas, 836 F.2d at 875.  In assessing whether maintenance of claims was unreasonable, it is not enough that plaintiffs' claims failed in the end.  Defendants must show with more than merely the benefit of hindsight, that the plaintiffs' counsel persisted in asserting claims after it became clear that the claims lacked merit.  Calhoun, 34 F.3d at 1298, 1300.  Defendants argue that plaintiffs' counsel's persistence in pursuing plaintiffs' direct and derivative claims in Wesolek I and Wesolek II rise to the required level of misconduct.

In Wesolek I the court dismissed the same direct and derivative claims asserted against the defendants by the same

-17-

counsel on behalf of many of the same plaintiffs as are asserted in Wesolek II.  Although the court dismissed both the direct and the derivative claims asserted in Wesolek I, the court is not persuaded that counsel's pursuit of the claims asserted in that lawsuit entitles the defendants to sanctions in the form of costs or attorney's fees.  Because § 1927 sanctions are intended to punish attorneys who unreasonably and vexatiously persist in prosecuting frivolous claims, such sanctions are not warranted absent a showing that the attorney to be sanctioned persisted in prosecuting claims after becoming aware that the claims at issue had no merit.  See Procter & Gamble, 280 F.3d at 526 (in order to recover all costs associated with an action under § 1927, the moving party "must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, . . . and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial").  Defendants do not argue and the court does not find that "every facet" of the Wesolek I litigation was patently meritless.

### (3)   Sanctions Are Warranted for Wesolek II

Plaintiffs did not appeal the court's dismissal of the claims asserted in Wesolek I.  Instead, approximately three months after the dismissal plaintiffs' counsel filed Wesolek II in state court. The Original Petition filed in Wesolek II asserted the same direct and derivative claims dismissed in Wesolek I on behalf of the same

-18-

plaintiffs and other, newly named plaintiffs.  For § 1927 to apply the conduct multiplying the proceedings must be both "unreasonable" and "vexatious."  Procter & Gamble, 280 F.3d at 525.  For the reasons stated below, the court concludes that counsel's conduct in filing and persistently prosecuting Wesolek II through appeal to the Fifth Circuit unreasonably and vexatiously multiplied the proceedings against defendants.

### (i)   Reasonableness

Through his involvement in Wesolek I counsel knew that plaintiffs' direct claims for common law fraud and violation of the Texas Securities Act arising from misrepresentations made before the plaintiffs invested in the Funds were dismissed with prejudice under Rule 12(b)(6) for failure to plead fraud with particularity. It is well-settled that "[t]he federal law of res judicata [] establishes that a judgment in a prior suit bars a subsequent cause of action between the same parties not only as to all matters litigated in the first suit, but also as to all issues that could have been litigated regarding the same cause of action." Commercial Box & Lumber Co., Inc. v. Uniroyal, Inc., 623 F.2d 371, 373 (5th Cir. 1980).  Counsel's reassertion in Wesolek II of direct claims against the defendants for common law fraud and violation of the Texas Securities Act was unreasonable because the same claims had been asserted and dismissed with prejudice in Wesolek I and as such were barred by res judicata.

-19-

Through his involvement in Wesolek I counsel also knew that plaintiffs' claims for conversion, violation of the Texas Theft Liability Act, money had and received, breach of fiduciary duty, negligence, common law fraud, and violation of the Texas Securities Act arising from misrepresentations made after they had invested in the Funds were claims that the plaintiffs could only assert derivatively on behalf of the Funds.  Counsel also knew that in order to state a derivative claim for which relief may be granted plaintiffs were required to allege with particularity "(1) the effort, if any, of the plaintiff to secure initiation of the action by a general partner; or (2) the reasons for not making the effort," as required by Tex. Bus. Org. Code § 153.043.  See Wesolek I, 871 F. Supp. 2d at 628.  Although the court provided a detailed explanation of the standard for pleading such claims in Wesolek I, neither the Original Petition nor the Amended Class Action and Derivative Complaint filed in Wesolek II (Docket Entry No. 16, which counsel filed without leave of court) cured the deficiencies for which the court dismissed these claims in Wesolek I.  Counsel's reassertion in Wesolek II of derivative claims that suffered from the same deficiencies noted in the derivative claims filed in Wesolek I was therefore unreasonable.

As evidence that every aspect of this litigation was patently meritless, defendants refer to each of the pleadings, including plaintiffs' response in opposition to their motion to dismiss in which counsel failed to cite any case or legal authority in support

-20-

of his contentions that defendants' motion to dismiss should not be granted or that he should be allowed to replead.  Defendants also point to the appeal of the court's dismissal of <u>Wesolek II</u>, which the Fifth Circuit dismissed as frivolous.  The court agrees with defendants that in view of the information available to counsel when <u>Wesolek II</u> was filed, prosecuted, and appealed, sanctions under § 1927 are warranted because each of the pleadings filed by plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings.  By filing and pursuing the claims asserted in <u>Wesolek II</u>, plaintiffs' counsel multiplied proceedings that should have concluded with the resolution of <u>Wesolek I</u>.  If counsel believed the outcome in <u>Wesolek I</u> was incorrect, he should have sought reconsideration or filed an appeal in the Fifth Circuit. Counsel's actions in filing an entirely separate case were therefore unreasonable and without any legal basis.

### (ii)  <u>Vexatiousness</u>

The multiplication of proceedings must be not only unreasonable but also vexatious.  This requirement is met by a showing that in filing and maintaining the proceedings counsel acted in bad faith, with improper motive, or with a reckless disregard of the duty owed to a court.  <u>Baulch v. Johns</u>, 70 F.3d 813, 817 (5th Cir. 1995).  The Fifth Circuit has recognized that counsel's bad faith, improper motive, or reckless disregard may be found from objective circumstances, <u>Calhoun</u>, 34 F.3d at 1300; in

-21-

other words, it is not, strictly speaking, a subjective inquiry. Sanctions may not be imposed, however, for mere negligence, inadvertence, or counsel's incompetence. Browning, 931 F.2d at 344. The Fifth Circuit has, in the past, recognized that an attorney's actions may be so completely without merit that the court is required to conclude that the actions were taken recklessly or for some improper purpose. See McGoldrick Oil Co. v. Campbell, Athey & Zukowski, 793 F.2d 649, 653 (5th Cir. 1986). Nevertheless, "[§] 1927 only authorizes shifting fees that are associated with 'the persistent prosecution of a meritless claim.'" Proctor & Gamble, 280 F.3d at 525-26.

For the reasons stated in the preceding paragraphs, the court concludes that the claims prosecuted in Wesolek II were unreasonable and patently meritless when they were initially filed in state court, when counsel responded to defendants' motions to dismiss, when counsel filed an amended class action and derivative complaint, and when counsel appealed the dismissal of Wesolek II. Because the court's opinion in Wesolek I put counsel on notice of the deficiencies in his pleadings that were repeated, not remedied in Wesolek II, this is not a case in which counsel merely failed to conduct a reasonable inquiry into the factual and legal bases for the claims asserted in Wesolek II prior to filing the complaint. Instead, this is a case in which counsel purposely filed patently meritless claims for an improper purpose of harassing or annoying the defendants, or, at a minimum, relitigating claims already

-22-

decided against his clients but not appealed.   See Columbus v. United Pacific Insurance Co., 641 F. Supp. 707, 712 (S.D. Miss. 1986) (identifying complaint seeking to relitigate claims dismissed by a prior judgment as "interposed with the improper purpose of seeking to relitigate claims which have been foreclosed").   See also Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999) (affirming imposition of § 1927 sanctions on plaintiffs' counsel for persistently prosecuting a clearly meritless claim, i.e., a civil rights claim for which plaintiffs neither alleged nor proved discriminatory purpose, an essential prima facie element of the claim); McGoldrick Oil Co., 793 F.2d at 653 (finding appeal so devoid of merit as to be frivolous, and so frivolous as to warrant the imposition of sanctions under 28 U.S.C. § 1927 and Fed. R. App. P. 38).

### (iii)   Excessive Costs and Attorney's Fees

The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. Browning, 931 F.2d at 344.  The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated or pursued, it will not be appropriate under § 1927 to shift the entire financial burden of an action's defense. Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996) (citing Calhoun, 34 F.3d at 1297).

-23-

The actions undertaken by plaintiffs' counsel in pursuing Wesolek II after the state court action was removed to this court evidence an intentional or reckless pursuit of claims that counsel knew or should have known to be unwarranted in fact or law. Further, in light of the court's dismissal of the direct claims asserted in Wesolek I with prejudice and the admonitions to counsel regarding the deficiencies of the derivative claims asserted in Wesolek I, the court concludes that the claims pursued in Wesolek II were pursued for an improper purpose of harassing and annoying the defendants, or, at a minimum, relitigating claims that had already been decided adversely to his clients but had not been appealed, and that counsel's actions in pursing those claims unreasonably and vexatiously multiplied proceedings in violation of 28 U.S.C. § 1927. Therefore, counsel should be sanctioned, and the least severe sanction sufficient to deter repetitive conduct is to hold plaintiffs' counsel liable for the attorney's fees and costs that defendants incurred defending the meritless claims pursued in Wesolek II. Since plaintiffs' counsel has not disputed the reason-ableness of the sums that defendants state they incurred defending Wesolek II, and since for the reasons stated in § II.B.2, below, the court concludes that sanctions in the form of attorney's fees and expense are also warranted against plaintiffs' counsel under Texas Rule of Civil Procedure 13 for filing in state court the Original Petition asserting baseless claims that initiated Wesolek II, counsel will be ordered to pay defendants the entire

amount of attorney's fees and expenses incurred defending those baseless claims, i.e., $53,390.00 for attorney's fees and $2,412.00 for reasonable expenses.[16]

### (4)  Counsel's Opposition to Sanctions Lacks Merit

Plaintiffs' counsel challenges defendants' motion for relief in the form of sanctions by arguing that plaintiffs had a good faith argument that they satisfied the requirements for pleading derivative claims under Texas law,[17] and that defendants' motion for relief is barred by res judicata.[18]   Citing ¶¶ 65 and 66 of Plaintiffs' Original Petition, counsel argues that "[p]laintiffs plead that they attempted to get the general partner, Layton Energy

---

[16]Defendants' Reply, Docket Entry No. 31, p. 11 ¶ 19, and Exhibits 1 and 2 thereto (Affidavit of Andrew R. Harvin in Support of Motion for Relief (Exhibit 1) and Affidavit of Daniel Layton in Support of Motion for Relief (Exhibit 2)).   This amount does not include the attorney's fees or expenses associated with defending plaintiffs' appeal of Wesolek II or pursuing sanctions.   The court declines to award defendants attorney's fees and expenses incurred defending the appeal of Wesolek II because the court is not persuaded that such relief is warranted since despite dismissing plaintiffs' appeal as frivolous, the Fifth Circuit denied defendants' request for such relief under Federal Rule of Appellate Procedure 38.   The court also declines to award defendants attorney's fees or expenses incurred pursuing sanctions because the defendants sought sanctions under many theories that the court has found lack merit and because "[l]itigants should be able to defend themselves from the imposition of sanctions without incurring additional sanctions."   Blue v. United States Department of the Army, 914 F.2d 525, 548 (4th Cir. 1990).

[17]Plaintiffs' Response, Docket Entry No. 30, p. 2 ¶ 4.

[18]Id. at 3 ¶ 6.

Texas, LLC, to act through its two members: Daniel Layton and J. Clarke Legler."[19]  Counsel also argues that Section 153.401(2) of the Texas Business Organizations Code "clearly recognizes 'demand futility' with respect to limited partnership derivative actions."[20]   The problem with these arguments is that the allegations contained in ¶¶ 65 and 66 of Plaintiffs' Original Petition were not only deficient because they failed to allege with particularity the facts required by Texas law for asserting derivative claims, but based on the court's dismissal of virtually identical derivative claims in Wesolek I, counsel knew that the derivative claims asserted in Wesolek II were also deficient.

Counsel's contention that defendants' motion for relief is barred by res judicata because "[d]efendants filed a substantially similar motion in the United States Court of Appeals for the Fifth Circuit where it was denied,"[21] also lacks merit.  See Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 817 (5th Cir. 1997) (recognizing that district courts maintain jurisdiction to "rule on a motion for ancillary attorney's fees even after the filing of a notice of appeal with respect to the underlying claims"); Topalian v. Ehrman, 3 F.3d 931, 933 (5th Cir. 1993) (same).

---

[19] Id. at 2 ¶ 4.

[20] Id. at 3 ¶ 4.

[21] Id. ¶ 6.

-26-

3.   Defendants Are Not Entitled to Attorney's Fees Based on the Court's Inherent Authority

When a party's conduct is not effectively sanctionable pursuant to an existing rule or statute, i.e., Rule 11 or 28 U.S.C. § 1927, it may nevertheless be appropriate for a court to turn to its inherent power to impose sanctions.  See Chambers v. NASCO, Inc., 111 S. Ct. 2123 (1991); Toon v. Wachenhut Corrections Corp., 250 F.3d 950, 952 (5th Cir. 2001); Carroll v. The Jaques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th Cir. 1997).  Inherent sanctioning power is "based on the need to control court proceeding[s] and [the] necessity of protecting the exercise of judicial authority in connection with those proceedings." Case, 937 F.2d at 1023.  Thus, a court's inherent power is not "a broad reservoir of power, ready at the imperial hand, but a limited source; an implied power squeezed from the need to make the court function." NASCO, Inc. v. Calcasieu Televsion & Radio, Inc., 894 F.2d 696, 702 (5th Cir. 1990), aff'd sub nom., Chambers v. NASCO, Inc., 111 S. Ct. 2123 (1991).

The Supreme Court has recognized that courts have the inherent power to impose sanctions against litigants for their bad faith conduct and that a court may assess attorney's fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  Chambers, 111 S. Ct. at 2123; Alyeska, 95 S. Ct. at 1612.  The threshold for invocation is high, however, and if such inherent power is invoked it must be exercised with

-27-

restraint and discretion.  Maguire Oil Co. v. City of Houston, 143 F.3d 205, 209 (5th Cir. 1998).  The Fifth Circuit has held that the court should only invoke its inherent power to sanction if it finds that "a fraud has been practiced upon it or that the very temple of justice has been defiled." Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995) (citing Chambers, 111 S. Ct. 2123).

As to the court's ability to use its inherent power to shift fees, the general rule in federal courts — known as the "American Rule" — is that a prevailing party cannot recover attorney's fees absent specific statutory authority, contractual right, or certain special circumstances.  See Alyeska Pipeline Serv. Co. v. Wilderness Society, 95 S. Ct. 1612 (1975); Galveston County Navigation Dist. No. 1 v. Hopson Towing Co., Inc., 92 F.3d 353, 356 (5th Cir. 1996).  The Fifth Circuit has held that conduct required to invoke this exception to the American Rule must be "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." Galveston County, 92 F.3d at 358.

Judged against these standards defendants have failed to make the required showing for an award of attorney's fees under the court's inherent powers against either plaintiffs or their counsel. Since the court has already concluded that plaintiffs' counsel should be sanctioned under 28 U.S.C. § 1927, there is no need to invoke the court's inherent authority to sanction him.  Although defendants argue that plaintiffs brought this litigation for an improper purpose, defendants have not offered any evidence capable

of proving that the plaintiffs — as opposed to their counsel — engaged in sanctionable conduct, i.e., conduct that perpetrated a fraud on the court, <u>Boland</u>, 41 F.3d at 1005, or conduct that was "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." <u>Galveston County</u>, 92 F.3d at 358. Accordingly, the court concludes that no sanctions can be imposed under the court's inherent authority.

## B.   State Law

Defendants also argue that sanctions in the form of attorney's fees and expenses against plaintiffs, plaintiffs' counsel and his law firm are appropriate under:    (1) Texas Rule of Civil Procedure 13; (2) Texas Business Organizations Code § 153.404; and (3) Texas Civil Practice and Remedies Code Chapter 10.   Plaintiff Wagner argues that defendants may not rely on Texas law in support of their motion for relief because defendants removed this action to federal court.[22]   Defendants respond that in cases filed originally in Texas state court but later removed to federal court groundless pleadings are governed by Texas Rule of Civil Procedure 13. <u>See</u> <u>Tompkins</u>, 202 F.3d at 787 ("The federal rules do not apply to filings in state court, even if the case is later removed to federal court.").[23]   Defendants also assert that because "both the

_____

[22]Plaintiff, Michael P. Wagner's, Response and Motion for Relief, Docket Entry No. 27, ¶ 7.

[23]Defendants' Reply, Docket Entry No. 31, pp. 7-8.

*Wesolek* cases were derivative suits involving Texas limited partnerships both before and after removal. . . . Tex. Bus. Org. Code § 153.404 applies."[24] Defendants do not dispute the contention that chapter 10 of the Texas Civil Practices and Remedies Code is inapplicable.

In this case removed from state court, the court considers the applicability of sanctions under Texas Rule of Civil Procedure 13 only for the filings made in state court. The federal rules of civil procedure do not apply to filings in state court, even if the case is later removed to federal court. If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty. Before imposing sanctions under Rule 13, a court must determine that the state court pleading was groundless, and that the pleading was brought either in bad faith or for the purpose of harassment. Tex. R. Civ. P. 13. <u>See</u> <u>Dike v. Peltier Chevrolet, Inc.</u>, 343 S.W.3d 179, 183-84 (Tex. App.—Texarkana 2011, no pet.). "'Groundless' means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." <u>Harrison v. Harrison</u>, 363 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Courts use an objective standard to determine whether a pleading is groundless and ask whether a reasonable inquiry was made into the

---

[24]<u>Id.</u> at 8.

legal and factual bases of the claim.  Great W. Drilling, Ltd. v. Alexander, 305 S.W.3d 688, 697 (Tex. App.—Eastland 2009, no pet.). A party acts in bad faith when he is on notice that his understanding of the facts may be incorrect and he does not make reasonable inquiry to ascertain the facts before he files a pleading alleging them.  Robson v. Gilbreath, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied).   Bad faith is not bad judgment or negligence; bad faith requires conscious wrongdoing for dishonest, discriminatory, or malicious purposes.   Great W. Drilling, 305 S.W.3d at 698.   Improper motive is an essential element of bad faith.  Dike, 343 S.W.3d at 193; Robson, 267 S.W.3d at 407.   Courts must presume that pleadings are filed in good faith, and the party moving for sanctions must overcome this presumption.  GTE Communications System Corp. v. Tanner, 856 S.W.2d 725, 730-31 (Tex. 1993).

   1.   Sanctions Are Not Warranted for Filing Wesolek I

For the reasons stated in § II.A.2(b)(2), above, the court has already concluded that the claims asserted in Wesolek I were not patently meritless.  Because the claims asserted in Wesolek I were not patently meritless, the court is not persuaded that sanctions are warranted against plaintiffs, plaintiffs' counsel, or his law firm for filing the Original Petition that initiated Wesolek I.

   2.   Sanctions Are Warranted for Filing Wesolek II

For the reasons stated in § II.A.2(b)(3), above, the court has already concluded the claims that plaintiffs' counsel pursued in

-31-

Wesolek II were groundless and brought to harass or annoy or, at a minimum, for the improper purpose of relitigating claims that had previously been decided adversely to his clients but not appealed. Because the groundless claims pursued in Wesolek II were initially filed in state court, the court concludes that sanctions are warranted under Texas Rule of Civil Procedure 13 against plaintiffs' counsel for filing Wesolek II in state court. Since, however, defendants have not itemized their attorney's fees and expenses in a manner that allows the court to determine what amount of attorney's fees and expenses were incurred solely as a result of the need to respond to the Original Petition filed in state court, the court is unable to determine what amount would be the least severe sanction for this violation of Rule 13. Because plaintiffs' counsel has not disputed the reasonableness of the sums that defendants state they incurred defending Wesolek II, and since for the reasons stated in § II.A.2(b)(3) and (4), above, the court concludes that sanctions in the form of attorney's fees and expenses are also warranted against plaintiffs' counsel under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings by continuing to pursue the claims asserted in Wesolek II following removal to this court, counsel will be ordered to pay defendants the entire amount of attorney's fees and expenses

incurred defending those baseless claims, i.e., $53,390.00 for attorney's fees and $2,412.00 for reasonable expenses.[25]

3.   Sanctions Are Not Warranted Against Plaintiffs

Wagner argues that "[p]laintiffs should not be sanctioned for things they did not know about because Attorney Colbert failed to provide [p]laintiffs with copies of pleadings and reports on his court activities."[26] In support of his statement that plaintiffs' attorney failed to keep him fully informed of his court activities, Wagner submits an affidavit stating, inter alia, "I did not authorize Attorney Colbert to file and prosecute the second lawsuit, and I never gave Attorney Colbert authority (implied or

---

[25]Defendants' Reply, Docket Entry No. 31, p. 11 ¶ 19, and Exhibits 1 and 2 thereto (Affidavit of Andrew R. Harvin in Support of Motion for Relief (Exhibit 1) and Affidavit of Daniel Layton in Support of Motion for Relief (Exhibit 2)).  This amount does not include the attorney's fees or expenses associated with defending plaintiffs' appeal of Wesolek II or pursuing sanctions.  The court declines to award defendants attorney's fees and expenses incurred defending the appeal of Wesolek II because the court is not persuaded that such relief is warranted since despite dismissing plaintiffs' appeal as frivolous, the Fifth Circuit denied defendants' request for such relief under Federal Rule of Appellate Procedure 38.  The court also declines to award defendants attorney's fees or expenses incurred pursuing sanctions because the defendants sought sanctions under many theories that the court has found lack merit and because "[l]itigants should be able to defend themselves from the imposition of sanctions without incurring additional sanctions."  Blue v. United States Department of the Army, 914 F.2d 525, 548 (4th Cir. 1990).

[26]Wagner's Response, Docket Entry No. 27, ¶ 5.

otherwise) to violate his duties under Rule 11."[27]  Wagner also
states that he does not believe that any of the other plaintiffs
have received notice from Attorney Colbert that there is a motion
pending seeking a judgment against them for sanctions on account of
his improper actions in filing and prosecuting the first and second
lawsuits.[28]  Because defendants have failed to submit any evidence
that either contradicts Wagner's statements that he did not
authorize Colbert to initiate Wagner II by filing the original
petition in state court, or from which the court could conclude
that any of the other plaintiffs either knew that the court had
dismissed Wagner I or authorized Colbert to initiate Wagner II by
filing the original petition in state court, defendants have failed
to show that any of the individual plaintiffs should be sanctioned
under Texas Rule of Civil Procedure 13.  For these same reasons,
the court concludes that plaintiffs are not individually subject to
orders requiring them to pay defendants' attorney's fees and
expenses under § 153.404(e) of the Texas Business Organizations
Code, which allows courts to make such awards on final judgment for
a defendant upon finding that suit was brought without reasonable
cause.

---

[27]Affidavit of Michael P. Wagner in Opposition to Defendants'
Motion for Relief (Doc. 19) and In Support of Wagner's Motion for
Relief, Docket Entry No. 28, p. 6 ¶ 21.

[28]Id. at 5-6 ¶ 19.

### III.   Conclusions and Order

For the reasons explained above, the court concludes that neither sanctions nor an order to pay defendants' attorney's fees and expenses should be entered against any of the plaintiffs individually, but that sanctions are warranted against plaintiffs' counsel under Texas Rule of Civil Procedure 13 for filing the Original Petition that initiated Wesolek II in state court and under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings by continuing to pursue the claims asserted in Wesolek II following removal to this court.   Accordingly, plaintiffs' counsel, Kevin L. Colbert, is **ORDERED** to pay to defendants $53,390.00 for attorney's fees and $2,412.00 for reasonable expenses within thirty (30) days from the entry of this Memorandum Opinion and Order.

Defendants' Motion for Relief (Docket Entry No. 19) is **GRANTED IN PART and DENIED IN PART.**

Plaintiff, Michael P. Wagner's, Motion for Relief (Docket Entry No. 27) seeking an order directing defendants and plaintiffs' counsel to provide him certain documents and adding 90 days onto the deadlines for filing responses to Defendants' Motion for Relief is **MOOT.**

**SIGNED** at Houston, Texas, on this 14th day of March, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE